# EXHIBIT 1

SUMMONS - CIRCUIT COURT  3101 (Rev. 12/20)

**STATE OF ILLINOIS**  **COUNTY OF DU PAGE**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

STEVEN PACHECO

PLAINTIFF

vs

JOSHUA CHRISTENSON et al

DEFENDANT

CASE NUMBER: 2025LA001542

DATE OF SERVICE: 1-7-26
TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT OR OTHER PERSON

## SUMMONS
### CIRCUIT COURT

☐ ORIGINAL ☐ ALIAS

File Stamp Here

To each Defendant: Joshua Christenson, c/o Naperville North High School, 899 N Mill St, Naperville, IL 60563

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of remote appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than thirty (30) days after its date.

**WITNESS:**

Name: Sheryl Weikal  ☐ Pro Se
DuPage Attorney Number: 366156
Attorney for: Plaintiff
Address: 518 South Route 31, Suite 113
City/State/Zip: McHenry, Illinois 60050
Telephone Number: 8479752643
Email: sheryl@weikallaw.com

**CANDICE ADAMS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, Wheaton

12/18/2025 3:22 PM

Candice Adams
MO
Deputy Clerk

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk to your circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your local clerk for more information or visit www.illinoislegalaid.org.

**NOTE:**
The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing. If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a free waiver application.

If you need legal advice concerning your legal responsibility as a result of this summons being serviced upon you and you don't have a lawyer, you can call the DuPage Bar Association, Lawyer Referral Service at 630-653-9109.

CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

SUMMONS - CIRCUIT COURT 3101 (Rev. 12/20)

## SHERIFF'S FEES

Service and return ............................................................. $ _____

Miles _____ ............................................................. $ _____

**Total** ............................................................................. $ _____

Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐ (a) (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual as follows:

☐ (b) (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐ (c) (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐ (d) (Other service):

☐ (e) (Unable to Serve):
By _____ , Deputy Badge Number: _____

---

Name of Defendant _____  Name of Defendant _____
Name of Person                         Name of Person
summons given to _____    summons given to _____
Sex ____ Race ____ Approximate age ____  Sex ____ Race ____ Approx. age ____
Place of service _____    Place of service _____
City , State _____        City , State _____
Date of service _____ Time _____   Date of service _____ Time _____
Date of Mailing _____     Date of Mailing _____
                                       Sheriff of _____ County
Special Process Server of _____   County Illinois License # _____
                                       By _____

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

**EXHIBIT 1**

SUMMONS - CIRCUIT COURT                                                                                      3101 (Rev. 12/20)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |

STEVEN PACHECO

PLAINTIFF

vs

JOSHUA CHRISTENSON et al

DEFENDANT

CASE NUMBER: 2025LA001542

DATE OF SERVICE: 1-2-26
TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT OR OTHER PERSON

## SUMMONS
### CIRCUIT COURT

☐ ORIGINAL  ☐ ALIAS

To each Defendant: **ARBEN SYLEJMANI, c/o Naperville Police Department, 1350 Aurora Ave. Naperville, IL 60540**

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of remote appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than thirty (30) days after its date.

**WITNESS:**

Name: **Sheryl Weikal**   ☐ Pro Se
DuPage Attorney Number: **366156**
Attorney for: **Plaintiff**
Address: **518 South Route 31, Suite 113**
City/State/Zip: **McHenry, Illinois 60050**
Telephone Number: **8479752643**
Email: **sheryl@weikallaw.com**

**CANDICE ADAMS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, Wheaton, Illinois

12/18/2025 3:22 PM
Date
Candice Adams
Deputy Clerk

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk to your circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your local clerk for more information or visit www.illinoislegalaid.org.

**NOTE:**
The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing. If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a free waiver application.

If you need legal advice concerning your legal responsibility as a result of this summons being serviced upon you and you don't have a lawyer, you can call the DuPage Bar Association, Lawyer Referral Service at 630-653-9109.

CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

**EXHIBIT 1**

SUMMONS - CIRCUIT COURT　　　　　　　　　　　　　　　　　　　　　　　　　　3101 (Rev. 12/20)

## SHERIFF'S FEES

Service and return ............................................................................. $ _____

Miles _____ ............................................................................ $ _____

　　Total ................................................................................................ $ _____

　　　　　　　　　　　　　　　　　　　　Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐　(a)　(Individual - **personal**):
　　　　By leaving a copy and a copy of the complaint with each individual as follows:

☐　(b)　(Individual - **abode**):
　　　　By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐　(c)　(Corporation):
　　　　By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐　(d)　(Other service):

☐　(e)　(Unable to Serve):
　　　　By _____ , Deputy Badge Number: _____

Name of Defendant _____　　　Name of Defendant _____

Name of Person
summons given to _____　　　Name of Person
summons given to _____

Sex _____ Race _____ Approximate age _____　　　Sex _____ Race _____ Approx. age _____

Place of service _____　　　Place of service _____

City, State _____　　　City, State _____

Date of service _____ Time _____　　　Date of service _____ Time _____

Date of Mailing _____　　　Date of Mailing _____

　　　　　　　　　　　　　　　　　　　　　　　Sheriff of _____ County

Special Process Server of _____　　　County Illinois License # _____

　　　　　　　　　　　　　　　　　　　　　　　By _____

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

**EXHIBIT 1**

SUMMONS - CIRCUIT COURT                                      3101 (Rev. 12/20)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |

**STEVEN PACHECO**

PLAINTIFF

vs

**JOSHUA CHRISTENSON et al**

DEFENDANT

**CASE NUMBER:** 2025LA001542

**DATE OF SERVICE:** 1-2-26

TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT OR OTHER PERSON

## SUMMONS
### CIRCUIT COURT

☐ ORIGINAL  ☐ ALIAS

File Stamp Here

To each Defendant: **The City of Naperville, 400 S Eagle St, Naperville, IL 60540**

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of remote appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than thirty (30) days after its date.

**WITNESS:**

Name: **Sheryl Weikal**  ☐ Pro Se

DuPage Attorney Number: **366156**

Attorney for: **Plaintiff**

Address: **518 South Route 31, Suite 113**

City/State/Zip: **McHenry, Illinois 60050**

Telephone Number: **8479752643**

Email: **sheryl@weikallaw.com**

**CANDICE ADAMS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, Wheaton, IL

12/18/2025 3:22 PM

Date: Candice Adams

Deputy Clerk

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk to your circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your local clerk for more information or visit www.illinoislegalaid.org.

**NOTE:**

The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing. If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a free waiver application.

If you need legal advice concerning your legal responsibility as a result of this summons being serviced upon you and you don't have a lawyer, you can call the DuPage Bar Association, Lawyer Referral Service at 630-653-9109.

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

**EXHIBIT 1**

SUMMONS - CIRCUIT COURT  3101 (Rev. 12/20)

## SHERIFF'S FEES

Service and return .................................................................... $ _____

Miles _____ ........................................................... $ _____

    **Total** ............................................................................................. $ _____

Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐ (a) (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual as follows:

☐ (b) (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐ (c) (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐ (d) (Other service):

☐ (e) (Unable to Serve):
By _____, Deputy Badge Number: _____

---

Name of Defendant_____          Name of Defendant _____

Name of Person                                  Name of Person
summons given to _____          summons given to _____

Sex_____ Race_____ Approximate age_____    Sex_____ Race_____ Approx. age _____

Place of service_____          Place of service _____

City, State _____               City, State _____

Date of service _____ Time _____    Date of service _____ Time _____

Date of Mailing_____            Date of Mailing _____

                                             Sheriff of _____ County

Special Process Server of_____  County Illinois License #_____

                                             By _____

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

**EXHIBIT 1**

## IN THE CIRCUIT COURT OF DuPAGE COUNTY, ILLINOIS

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 35550672
2025LA001542
FILEDATE: 12/1/2025 12:00 AM
Date Submitted: 11/29/2025 3:24 PM
Date Accepted: 12/1/2025 9:53 AM
MO

| | |
|---|---|
| STEVE PACHECO, <br><br> *Plaintiff,* <br><br> v. <br><br> JOSHUA CHRISTENSON, in his capacity as a school resource officer for the City of Naperville; ARBEN SYLEJMANI, in his capacity as a police officer for the City of Naperville; the CITY OF NAPERVILLE; and THE BOARD OF EDUCATION, NAPERVILLE COMMUNITY UNIT SCHOOL DISTRICT 203, DUPAGE AND WILL COUNTIES, ILLINOIS, <br><br> *Defendants.* | No. <br> 2025LA001542 |

### COMPLAINT AT LAW

Plaintiff Steve Pacheco, by and through his undersigned counsel, hereby complains and alleges against Defendants, JOSHUA CHRISTENSON, in his capacity as a school resource officer for the City of Naperville; ARBEN SYLEJMANI, in his capacity as a police officer for the City of Naperville; the CITY OF NAPERVILLE; and THE BOARD OF EDUCATION, NAPERVILLE COMMUNITY UNIT SCHOOL DISTRICT 203, DUPAGE AND WILL COUNTIES, ILLINOIS, jointly and severally, as follows:

### General Allegations Common to All Counts

1. Plaintiff is a natural person and resident of the County of DuPage in the State of Illinois.

2. On or about May 19, 2025, Plaintiff was attending a school board meeting at 203 West Hillside Road, Naperville, Illinois. The meeting was open to the public, and Plaintiff is a parent himself.

3. During the public comment period, several persons present made comments disparaging of transgender students. The minutes for that meeting note that:

    > A number of speakers voiced strong opposition to the current policy allowing transgender girls to compete in girls' athletics. They cited perceived unfair biological advantages, concerns for safety and

Page **1** of **8**

**EXHIBIT 1**

   privacy in locker rooms, and the belief that such participation undermines Title IX protections for girls. Several individuals spoke of potential legal and financial consequences, including civil rights complaints, lawsuits, and the risk of losing federal funding. Many referenced evidence to support their stance and argued that the policy was enacted without adequate public input or board approval.

4. Although at least some of the comments made by opponents of trans students' presence in the school district violated the rules governing public comment, none of those commenters were arrested or ticketed.

5. During this public comment period, Plaintiff stated "protect trans kids!" in order to state his First Amendment protected opinion on the issue.

6. In response, *and for no other reason*, Plaintiff was detained by Defendants Christenson and Sylejmani.

7. Christenson was on duty as a school resource officer for the School District Defendant.

8. Sylejmani was on duty as a police officer for Defendant City of Naperville.

9. Both Christenson and Sylejmani acted at all times in their capacities as law enforcement officers for their respective employers and under color of state law.

10. Plaintiff was ticketed by Sylejmani for "disturbing the peace."

11. According to Sylejmani and/or Christenson, Plaintiff disturbed the peace by saying "protect trans kids" in the school board meeting.

12. Plaintiff took no other actions in the school board meeting which prompted or justified his detention.

13. In point of fact, the ticket Plaintiff received from Sylejmani did not state how Plaintiff disturbed the peace at all. Instead, it mere stated that Plaintiff "ALARMED AND DISTURBED THE PUBLIC DURING A SCHOOL BOARD MEETING AGAINST THE DIRECTION OF SCHOOL ADMINISTRATION."

**EXHIBIT 1**

14. After giving Plaintiff the ticket, Sylejmani and Christenson required Plaintiff to leave the school board meeting so he would not be allowed to say "protect trans kids" again.

15. Sylejmani and Christenson then trespassed Plaintiff from the premises on behalf of the City and School Board defendants.

16. Notably, all of this was solely and/or primarily because Plaintiff had expressed his opinion during a school board meeting in a public forum.

17. The City prosecuted the ticket against Plaintiff via a case styled *City of Naperville v. Steve Pacheco*, Case No. 2025OV000826.

18. On or about June 9, 2025, Pacheco filed a motion to dismiss the ticket on First Amendment grounds. Pacheco also argued that the ticket was barred by the Citizens Participation Act, 735 ILCS 110/1, *et seq.*

19. On or about September 15, 2025, the City amended the ticket to allege that Pacheco breached the peace "in that [Pacheco] did run from the individuals escorting him off of the property and to the doorway of the room where the school board meeting was occuring."

20. In so doing, the amended ticket conceded that Plaintiff did not at any time breach the peace *prior* to being escorted off the property.

21. Thus, the City necessarily conceded that Sylejmani and/or Christenson were escorting Plaintiff out of a public school board meeting solely for the contents of his speech.

22. However, the allegations that Pacheco ran from Sylejmani and/or Christenson were false, and the City had actual knowledge of this. Indeed, at all times herein relevant, Sylejmani and/or Christenson had actual knowledge that the only purported "disorderly conduct"


committed by Plaintiff was saying "protect trans kids" in a school board meeting open to the public.

23. In short, instead of dismissing the ticket, the Defendant City invented false allegations to continue to punish Plaintiff for his speech.

24. On or about October 27, 2025, Plaintiff was acquitted at trial in case no. 2025OV000826 via a directed verdict.

**COUNT I - Violations of 42 U.S.C. Sec. 1983**
**Unlawful First Amendment Retaliation - Unlawful Viewpoint Discrimination**

25. Plaintiff restates and realleges paragraphs 1-24 of this Complaint as if fully set forth herein.

26. Defendants, as government employees and/or persons otherwise acting under color of state law, are prohibited from engaging in conduct which prioritizes one viewpoint over another or punishes or silences a person for the content of her speech.

27. Nevertheless, Defendants herein engaged in a continuous course of unlawful conduct, including without limitation continually having Plaintiff detained and ticketed, based solely on the content of his speech.

28. Specifically, Defendants found the statement "protect trans kids" contrary with their preferred viewpoint. As such, Plaintiff was detained, ticketed, and trespassed, and required to vacate a public forum.

29. This constitutes illegal viewpoint discrimination and retaliation against Plaintiff for his viewpoint.

30. This conduct violates 42 U.S.C. 1983 and the First Amendment to the United States Constitution.

**EXHIBIT 1**

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants in an amount to be proven at trial but not less than $50,000, plus costs, attorney fees, and whatever additional relief this Court deems appropriate.

### COUNT II – Violations of 42 U.S.C. Sec. 1983
### Unlawful Seizure – Violations of the Fourth and Fourteenth Amendments

31. Plaintiff restates and realleges paragraphs 1-30 of this Complaint as if fully set forth herein.

32. Defendants, as government agencies, employees and/or persons otherwise acting under color of state law, are prohibited from seizing, detaining, and or trespassing Plaintiff from a public forum without probable cause or a reasonable basis in law for doing so.

33. At all times herein relevant, Defendants had actual knowledge that Plaintiff had committed no breach of the peace and no disorderly conduct.

34. Despite this, Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by detaining and removing Plaintiff from the premises based solely on the contents of his speech on a matter of public concern.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants in an amount to be proven at trial but not less than $50,000, plus costs, attorney fees, and whatever additional relief this Court deems appropriate.

### COUNT III – Malicious Prosecution
### Against the City of Naperville

35. Plaintiff restates and realleges paragraphs 1-34 of this Complaint as if fully set forth herein.

36. Plaintiff was prosecuted in case no. 2025OV000826 purely for his speech. Indeed, the reason the original ticket merely stated that Pacheco "alarmed and disturbed the public" was because the sole act which formed the basis of that ticket was Pacheco saying "protect trans kids."

**EXHIBIT 1**

37. Nevertheless, with actual knowledge that Plaintiff had *not* engaged in any proscribed conduct, the City proceeded to prosecute the ticket against Plaintiff anyway. Even after the filing of a motion to dismiss, the City amended the ticket to include false allegations that Plaintiff ran from officers rather than dismiss the ticket.

38. Moreover, even in its false allegations, the City acknowledged that Plaintiff was being escorted off of the premises *before* engaging in any conduct alleged to have breached the peace or been otherwise disorderly.

39. As a result, the City engaged in a prosecution against Plaintiff based solely on the content of his speech, specifically, "protect trans kids." The goal of the prosecution was to chill and deter other parents and school board attendees from making similar statements in support of trans children at school board meetings.

40. The City lost case 2025OV000826, and Plaintiff was found not guilty.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants in an amount to be proven at trial but not less than $50,000, plus costs, attorney fees, and whatever additional relief this Court deems appropriate.

### COUNT IV – Declaratory Judgment
### Against the City of Naperville

41. Plaintiff restates and realleges paragraphs 1-40 of this Complaint as if fully set forth herein.

42. On or about June 9, 2025, Pacheco filed a motion to dismiss the ticket in case no. 2025OV000826, arguing, *inter alia*, that the ticket was barred by the Citizens Participation Act, 735 ILCS 110/1, *et seq*.

43. The City conceded that the ticket was insufficient by amending same, and Plaintiff was prevailing party in that action at trial on a directed verdict.

**EXHIBIT 1**

44. The Illinois Citizens Participation Act ("CPA") is, by its terms, not limited to civil actions. Indeed, by its own terms, "[t]his Act applies to **any** motion to dispose of a claim **in a judicial proceeding** on the grounds that the claim is based on, relates to, or is in response to any act or acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government." 735 ILCS 110/15 (emphasis supplied). A "judicial claim" is defined in the statute as "**any** lawsuit, cause of action, claim, cross-claim, counterclaim, or other judicial pleading or filing alleging injury." (emphasis supplied). "The word "any . . . has a comprehensive meaning of 'all or every.'" *U.S. v. Lee Stoller Enterprises, Inc.*, 652 F.2d 1313 (7th Cir. 1981). *See also Westfield Ins. Co. v. UCAL Sys.*, 21 CV 3227 (N.D. Ill. Aug 05, 2024) ("The word 'any' has a broad meaning; that is, 'one or some indiscriminately of whatever kind."); *Pentech Pharmaceuticals v. Par Pharmaceutical*, 597 F.Supp.2d 758 (N.D. Ill. 2009) (noting that "the word 'any'" has "a well-known, all-encompassing meaning"). In short, nothing in the statute limits or proscribes its application against traffic tickets or ordinance violations where the underlying conduct is a matter of protected speech, and in fact its broad language suggests just the opposite.

45. Further, Section 110/25 of the CPA contains a *mandatory* fee-shifting clause in favor of the prevailing party.

46. As such, Plaintiff was prevailing party in case no. 2025OV000826, and is entitled to his attorney fees and costs incurred defending that action pursuant to the CPA.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants in the form of an Order declaring and finding that Plaintiff was prevailing

**EXHIBIT 1**

party in Case No. 2025OV000826 and as such is entitled to his fees and costs incurred defending same, and whatever additional relief this Court deems appropriate.

<div style="text-align: right;">
Respectfully Submitted,<br>
STEVE PACHECO<br>
<br>
/s/ Sheryl Ring<br>
By his counsel,<br>
Sheryl Weikal, Esq.
</div>

Sheryl Weikal, Esq. #6311043/#62447
518 South Route 31, Suite 113
McHenry, Illinois 60050
(847) 975-2643
sheryl@weikallaw.com
**Dupage Atty # 366156 clk**

**EXHIBIT 1**